UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

JOHN PETERSON ALEXIS,

            Petitioner,

v.                                      Case No. 2:15-cv-255-FtM-29MRM
                                        Case No. 2:11-CR-66-FTM-29DNF
UNITED STATES OF AMERICA,

            Respondent.

_____

## **OPINION AND ORDER**

Petitioner filed his initial Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1)[1] on March 9, 2015, in the Northern District of Alabama. The motion was transferred to this Court by Order entered March 30, 2015. (Cv. Doc. #4.) On April 24, 2015, petitioner's motion was taken under advisement and petitioner was permitted to file an amended motion to vacate. (Cv. Doc. #8.) Petitioner's Amended Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #10; Cr. Doc. #145) was postmarked May 7, 2015, and filed on May 11, 2015. (Cv. Doc. #10-1.) The government filed a Response

---

[1] The Court will make refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

in Opposition to Motion (Cv. Doc. #13) on June 18, 2015. The petitioner filed a Reply (Cv. Doc. #15) on July 15, 2015.

**I.**

On July 6, 2011, a federal grand jury in Fort Myers, Florida returned a two-count Indictment (Cr. Doc. #3) charging petitioner and his co-defendant cousin with conspiracy to possess with intent to distribute Oxycodone (Count One), and possessing and carrying a firearm in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (Count Two). Count Two alleged that two components of § 924(c) were violated: carrying a firearm in relation to the drug trafficking crime, and possessing a firearm in furtherance of a drug trafficking crime. Petitioner pled guilty to Count One, but proceeded to a jury trial on Count Two; the co-defendant went to trial on both counts. (See Cr. Doc. #66.)

Petitioner and his co-defendant moved for judgment of acquittal on Count Two, but the Court denied the motion. (See Cr. Doc. #79.) Following a three day trial, the jury found petitioner guilty of Count Two of the Indictment, and the co-defendant guilty of both counts. (Cr. Doc. #78.) On the special verdict form, the jury indicated that it found petitioner guilty of both carrying a firearm in relation to the drug trafficking crime and possessing a firearm in furtherance of a drug trafficking crime. (Id.)

On April 23, 2012, the Court sentenced petitioner to a term of 84 months imprisonment as to Count One and 60 months of

imprisonment as to Count Two to run consecutively as to Count One, followed by a term of supervised release. (Cr. Doc. #95.) Judgment (Cr. Doc. #96) was filed on April 24, 2012.

Petitioner appealed the judgment on Count Two, arguing that the government failed to present sufficient evidence to sustain the conviction. Specifically, petitioner argued the government failed to prove some nexus between the firearm and the drug selling operation. (Cr. Doc. #139, p. 4.) The Eleventh Circuit affirmed petitioner's conviction, finding there was sufficient evidence to convict petitioner under the "in furtherance of . . . possesses" prong of § 924(c). United States v. Verdieu, 520 F. App'x 865, 867 (11th Cir. 2013); (Cr. Doc. #139).

Petitioner filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on October 7, 2013. Alexis v. United States, 134 S. Ct. 249 (2013). On December 23, 2015, the Court granted a reduction in sentence pursuant to Amendment 782 of the United States Sentencing Guidelines reducing petitioner's sentence as to Count One to 78 months of imprisonment, with Count Two remaining imposed consecutively to Count One. (Cr. Doc. #152.)

## II.

In his § 2255 motion, petitioner raises the following two claims: (1) the trial court erred in failing to give a jury instruction which required consideration of whether petitioner had

- 3 -

advance knowledge that his co-defendant was armed; and (2) petitioner is actually innocent of the § 924(c) offense because he had no knowledge of the presence of the firearm, and there was no evidence to establish otherwise. Both grounds are premised on Rosemond v. United States, 134 S. Ct. 1240 (2014), decided on March 5, 2014.

The United States responds that the § 2255 motion is untimely, and in the alternative, is without merit. Petitioner replies that the motion is timely because it was filed within one year of Rosemond. For the reasons set forth below, the Court finds that the § 2255 motion is untimely, and declines to address the government's alternative argument as to the sufficiency of the evidence after Rosemond.

### III.

There is a one-year statute of limitations period in which to file a § 2255 motion. 28 U.S.C. § 2255(f). The limitations period begins to run on the latest of four possible triggering dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

> newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Typically, the applicable triggering date is "the date on which the judgment of conviction becomes final." Id. § 2255(f)(1). Petitioner's conviction became final on October 7, 2013, when the Supreme Court denied certiorari review. Thus, petitioner had until October 7, 2014 to file a motion to vacate. Petitioner is deemed to have filed the § 2255 motion when he signs it and gives it to prison officials for mailing. Petitioner signed the original motion in this case and placed it in the prison mailing system on March 5, 2015. (Cv. Doc. #1, p. 9.) Accordingly, § 2255(f)(1) is not satisfied.

Petitioner does not assert that either § 2255(f)(2) or (4) apply, but argues that the motion to vacate is timely under 28 U.S.C. § 2255(f)(3). Section 2255(f)(3) provides that a prisoner may file a motion to vacate within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Petitioner contends that his motion to vacate is timely under § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in Rosemond v. United

States, 134 S. Ct. 1240 (Mar. 5, 2014). In Rosemond, the Supreme Court held that to be guilty of aiding and abetting the offense of using or carrying a firearm during and in relation to a drug trafficking crime, a defendant must know sufficiently ahead of time that one of his confederates will be armed.

"In order for a Supreme Court decision to restart the one-year statute of limitations under § 2255(f)(3), the decision must both (1) recognize a new right and (2) be made retroactively applicable to cases on collateral review." Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir. 2017). Neither the Supreme Court nor the Eleventh Circuit has held that Rosemond applies retroactive to cases on collateral review. See, e.g., Howard v. FCC Coleman-USP II, No. 5:14-cv-340-Oc-17PRL, 2017 WL 821684, at *2 (M.D. Fla. Mar. 2, 2017) ("The Supreme Court has not made its decision in Rosemond retroactively applicable to cases on collateral review, nor has any court within the Eleventh Circuit determined that it is retroactively applicable."). The Eleventh Circuit's discussion of Rosemond indicates that it neither recognized a new right, nor was it inconsistent with prior Eleventh Circuit authority. E.g., United States v. Aplesa, 690 F. App'x 630, 634 (11th Cir. 2017) (noting that Rosemond "did not purport to change the law of aiding and abetting generally", and "our precedent has long made clear '[a]iding and abetting has two components: [a]n act on the part of a defendant which contributes

to the execution of a crime and the intent to aid its commission.'"), cert. denied, 138 S. Ct. 524 (2017).

Other circuits have similarly recognized that Rosemond has not been made retroactive. See, e.g., Watson v. Mosley, 644 F. App'x 348, 348 (5th Cir. 2016) ("Rosemond involved a direct appeal, and the Supreme Court gave no indication that its decision applied retroactively to cases on collateral review."); Pagan v. Warden Lewisburg USP, 659 F. App'x 715, 717 (3d Cir. 2016) ("even if Rosemond were construed as setting out a new rule of constitutional law, there is no indication that the Supreme Court intended any such rule to apply retroactively to cases on collateral review."); Berry v. Capello, 576 F. App'x 579, 592 (6th Cir. 2014) ("The Supreme Court did not state whether the principles explained in Rosemond apply retroactively to convictions that are final under state law.").[1]

Accordingly, Rosemond does not serve as the starting point for the one year AEDPA limitations period. Instead, Petitioner had one year from October 7, 2013, the date the Supreme Court denied certiorari review, to file a timely motion to vacate under

---

1 But see Farmer v. United States, 867 F.3d 837, 842 (7th Cir. 2017) ("By requiring proof of the defendant's advance knowledge, Rosemond alter[ed] the range of conduct . . . that the law punishes. [ ] Rosemond thus established a new substantive rule that is retroactive to cases on collateral review." (alterations in original) (citation omitted)).

§ 2255(f)(1). Petitioner's initial motion was filed on March 9, 2015 (Cv. Doc. #1), and therefore both claims in the motion are untimely.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Amended Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #10; Cr. Doc. #145) is **DISMISSED** as untimely.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S.

322, 336 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __5th__ day of February, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA